UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

STEVE GRAHAM,

        Plaintiff,

v.

P. LEDFORD et al.,

        Defendants.

_____/

Case No. 2:22-cv-181

Honorable Maarten Vermaat

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff seeks leave to proceed *in forma pauperis*. Plaintiff, however, has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim. Because of this, the Court will direct Plaintiff to show cause why he should not be barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Alternatively, Plaintiff may pay the $402.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] Plaintiff must either show cause or pay the fee within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to either show cause or pay the fee, the Court will order that this case be dismissed without prejudice. Even if the case is dismissed, Plaintiff must pay the $402.00 filing fees in accordance with *In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $52.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The miscellaneous administrative fee, however, "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Graham-X v. Mich. Parole Bd.*, No. 2:08-cv-59 (W.D. Mich. June 9, 2008); *Graham-X v. Bouchard*, No. 2:03-cv-113 (W.D. Mich. Sept. 23, 2003); *Graham-X v. Doty*, No. 2:97-cv-310 (W.D. Mich. Sept. 15, 1998). In addition, Plaintiff has on one occasion been denied leave to proceed *in forma pauperis* in this Court because he has three strikes. *See Graham v. Mich. Dep't of Corr. Parole Bd.*, No. 2:09-cv-163 (W.D. Mich. Aug. 4, 2009).

Moreover, it does not appear that Plaintiff's allegations fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf.* [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to

3

prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is currently incarcerated at the Lakeland Correctional Facility in Coldwater, Branch County, Michigan. The events of which he complaints, however, occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues Head Classification Director J. McDonald and Assistant Classification Director P. Ledford. Plaintiff contends that Defendants discriminated against him by not assigning him to work in the garment factory at URF due the fact that Plaintiff absconded in 1987. (ECF No. 1, PageID.3.) Plaintiff alleges that he was placed on kitchen duty and that he did not show up to work. (*Id.*, PageID.4.) He was ultimately transferred from URF. (*Id.*) Nothing in Plaintiff's complaint suggests that he was in imminent danger of serious physical injury at the time he initiated this action.

In light of such, it appears that § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. The Court will, however, direct Plaintiff to show cause why he should not be barred from proceeding *in forma pauperis* in this action even though he has accrued "three "strikes" under § 1915(g). Plaintiff has twenty-eight (28) days from the date of entry of this opinion and accompanying order to show cause. Alternatively, Plaintiff may pay the civil action filing fees, which total $402.00, within that time. When Plaintiff either pays the filing fees or sufficiently demonstrates cause to proceed *in forma pauperis*, the Court will screen his complaint as required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).

If Plaintiff does not show cause or pay the filing fees within the 28-day period, Plaintiff will be denied leave to proceed *in forma pauperis* and this case will be dismissed without prejudice. Plaintiff, however, will continue to be responsible for payment of the $402.00 filing fees.

Dated:   September 29, 2022                    /s/ *Maarten Vermaat*
                                                               Maarten Vermaat
                                                               United States Magistrate Judge

**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:

Clerk, U.S. District Court
399 Federal Bldg.
110 Michigan St., N.W.
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**